UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARY HUNTER, #135890,

       Plaintiff,

v.                               CIVIL NO. 5:09-CV-10299
                               HONORABLE JOHN CORBETT O'MEARA

MICHIGAN DEPT. OF CORR., et al.,

       Defendants.
_____/

**OPINION AND ORDER OF SUMMARY DISMISSAL**

**I.    Introduction**

       Plaintiff, Gary Richard Hunter, a state prisoner presently confined at the Marquette Branch Prison in Marquette, Michigan, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 challenging a prison transfer and alleging retaliation by prison officials.  Plaintiff states that he was confined at the Standish Maximum Correctional Facility in Standish, Michigan at the time of the events giving rise to this complaint.  He names the Michigan Department of Corrections ("MDOC"), MDOC Director Patricia Caruso, and eight MDOC employees as the defendants in this action.  Plaintiff seeks injunctive relief.  He does not indicate whether he exhausted his administrative remedies before filing his complaint.  The case has been transferred to this Court from the United States District Court for the Western District of Michigan.  The Court has granted Plaintiff's application to proceed without prepayment of the costs and fees for this action.

       Having reviewed Plaintiff's complaint, the Court now dismisses it pursuant to 28 U.S.C.

1

§§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim upon which relief may be granted. The Court also concludes that an appeal from this decision cannot be taken in good faith.

**II.     Discussion**

Plaintiff has been granted *in forma pauperis* status.  Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  *See* 42 U.S.C. § 1997(e)(c); 28 U.S.C. §§ 1915(e)(2)(B).  The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A.  A complaint is frivolous if it lacks an arguable basis either in law or in fact.  *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

This Court is aware that a *pro se* complaint should be held to a "less stringent standard" than one drafted by an attorney.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  Even a *pro se* complaint, however, must plead facts sufficient to show a legal wrong has been committed for which the plaintiff may be granted relief.  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law.  *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996).  Despite the liberal pleading standard accorded

*pro se* plaintiffs, the Court finds that Plaintiff's complaint is subject to dismissal under 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(b) for failure to state a claim upon which relief may be granted.

In his complaint, Plaintiff alleges that the defendants engaged "in a conspiratorial act of continuing a pattern of retaliatory transfers...for reasons other than operational reasons" and claims that the transfers were "in retaliation for [him] exercising [his] rights to grievance process in allegation against MDOC employee." *See* Complaint, pp. 2-3. It is well-established that a prisoner has no inherent constitutional right to be housed in a particular correctional facility. *See Olim v. Wakinekona*, 461 U.S. 238, 244-46 (1983); *Ward v. Dyke*, 58 F.3d 271, 273 (6th Cir. 1995). Moreover, Michigan law does not create a protected liberty interest for a prisoner in remaining in a particular facility. *See* Mich. Comp. L. § 791.265; *DeWalt v. Warden*, 112 Mich. App. 313, 317-18 (1982); *see also Leaphart v. Donovan*, 35 F.3d 566, 1994 WL 42172, *1 (6th Cir. Aug. 10, 1994). Thus, to the extent that Plaintiff generally contests one or more prison transfers, his claim lacks an arguable basis in law and must be dismissed as frivolous.

The Court is mindful that government officials may not retaliate against someone for engaging in constitutionally protected conduct. *See Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977). The United States Court of Appeals for the Sixth Circuit has concluded that a prisoner's claim that prison officials retaliated against him for engaging in protected conduct is grounded in the First Amendment. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 388 (6th Cir. 1999) (en banc); *cf. Ward, supra*, 58 F.3d at 274-75 (transferring prisoner who filed numerous grievances was permissible to ease prison officials' administrative burden). A retaliation claim has three elements:  (1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from

continuing to engage in that conduct; and (3) there was a causal connection between elements one and two, *i.e.*, the adverse action was motivated, at least in part, by the plaintiff's protected conduct. *Thaddeus-X*, 175 F.3d at 394. The plaintiff bears the burden of proof on all three elements.

Plaintiff must therefore allege and establish that the exercise of the protected right was a substantial or motivating factor in the defendants alleged retaliatory conduct. *See Mt. Healthy*, 429 U.S. at 287; *Smith v. Campbell*, 250 F.3d 1032, 1038 (6th Cir. 2001). Plaintiff has not done so here. He merely asserts, in conclusory fashion, that the defendants transferred him because he filed grievances. He does not allege any facts to support this assertion. He does not allege what grievances were filed, when they were filed, or against whom they were filed. He does not allege facts to show an improper motive or to establish a causal connection between any exercise of constitutionally protected activity and his prison transfer. Conclusory allegations are insufficient to state a § 1983 claim, *see Lanier v. Bryant*, 332 F.3d 999, 1007 (6th Cir. 2003), and bare allegations of malice are insufficient to establish a constitutional violation. *See Crawford-El v. Britton*, 523 U.S. 574, 588 (1998); *Thaddeus-X*, 175 F.3d at 399. Conclusory allegations of retaliatory motive "with no concrete and relevant particulars" fail to state a claim upon which relief may be granted. *See Murray v. Unknown Evert*, 84 Fed. Appx. 553, 556 (6th Cir. 2003) (citing cases).

Similarly, Plaintiff's allegations of conspiracy or other unconstitutional conduct are vague and conclusory. A federal court need not accept as true legal conclusions, or vague and conclusory allegations of a conspiracy, to create a valid claim under 42 U.S.C. § 1983 when none exists. *See, e.g., Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).

Plaintiff has not alleged any facts to establish a conspiracy among the defendants. He has thus failed to state a claim upon which relief may be granted and his complaint must be dismissed.

### III.     Conclusion

Based upon the foregoing analysis, the Court concludes that Plaintiff has failed to state a claim upon which relief may be granted under 42 U.S.C. § 1983. Accordingly, the Court **DISMISSES WITH PREJUDICE** his complaint.

The Court also concludes that an appeal from this order would be frivolous and therefore cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

**IT IS SO ORDERED.**

s/John Corbett O'Meara
United States District Judge

Date:  January 30, 2009

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, January 30, 2009, by electronic and/or ordinary mail.

s/William Barkholz
Case Manager

5